IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: JEREMY A. BRAY | ) | Case No.: 18-82940-CRJ-12 |
| | ) | |
| SSN: xxx-xx-8166 | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 12 |
| | ) | |

## MOTION FOR AUTHORITY TO SELL ASSETS FREE AND CLEAR OF LIENS AND NOTICE OF SALE AND DEADLINE FOR SUBMITTING OBJECTIONS

COMES NOW Jeremy A. Bray, as the Chapter 12 Debtor-in-Possession (the "Debtor"), and shows this Court as follows:

### Jurisdiction and Notice

1. On October 2, 2018, the Debtor commenced with this Court a voluntary case under Chapter 12 of Title 11, United States Code.

2. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Per 28 U.S.C. §§ 1408 and 1409, venue is proper before this Court.

3. Pursuant to Bankruptcy Rule 2002, the Debtor proposes to serve a copy of this Motion upon the Bankruptcy Administrator, all creditors, and all parties requesting notice.

4. Pursuant to Bankruptcy Rule 2002, the Debtor proposed that the Bankruptcy Court provide no less than 20 days' notice by mail to all creditors of the time within which objections to the relief requested in this Motion must be filed and of the hearing on any such objections.

### Background

5. This Court confirmed the Debtor's Amended Chapter 12 Plan (the "Plan") on March 8, 2019.

6. Class 1 of the Plan consists of the secured claim of the United States Department of Agriculture, Farm Service Agency ("USDA"). According to its filed proof of claim, USDA's

claim totaled $206,691.86. USDA's claim is secured by a lien on the Debtor's homestead farm property.

7. No other creditors possess allowed, secured claims that are entitled to payment from the Plan.

8. The Debtor is required by the Plan to bring this motion for authority to sell assets within 120 days from the filing of USDA's proof of claim (which occurred on March 6, 2019) to generate funds for USDA's claim.

9. This motion is timely filed to satisfy the Debtor's obligation to pay USDA.

**Facts**

10. For several months the Debtor has known that he cannot service USDA's secured claim without partially liquidating his homestead property.

11. The Debtor's homestead farm property is in rural Franklin County, Alabama and consists of 142 acres of farmland attached to his personal residence. In his bankruptcy schedules, the Debtor estimated his total homestead as being worth $321,000.00.

12. Since the Fall of 2018, the Debtor has actively marketed his homestead property to farmers and investors in the Franklin County, Alabama area.

13. According to the Franklin County Alabama Tax Assessor, the county values the Debtor's homestead at $316,700.00. True and correct copies of tax assessments are attached and incorporated herein as Exhibit "A."

14. As a result of his marketing, the Debtor has obtained a sales contract with Billy and Kela Nix to pay $200,000.00 for 100 acres of his homestead property (the "Offer"). A true and correct copy of the real property sales agreement is attached and incorporated herein as Exhibit "B."

15. On a per acre basis, the Offer exceeds both the tax assessor's valuation of the homestead property and the Debtor's valuation of his farm in his bankruptcy schedules.

16. Mr. and Mrs. Nix are farmers living near the homestead property. They are not related to the Debtor and their agreement to purchase the Debtor's property came as a result of arms-length negotiations between the Debtor and these buyers.

17. The Debtor will retain 42 acres of real property that he will continue to farm to support himself and make payments to creditors in accord with his Plan.

18. Because the Offer will pay off 95%+ of USDA's secured claim, the Debtor will modify his Plan to allow for additional monthly or periodic payments to USDA to satisfy this creditor's secured claim in full.

19. The Debtor's confirmed Plan contemplates paying all creditors' allowed claims in full. The Debtor expects that through any modification to his Plan, he will continue to provide for payment of all allowed claims in full.

**Additional Marketing Efforts**

20. Prior to filing this Motion, the Debtor contacted Daniel Culps, a licensed real estate broker and auctioneer with Fowler Auction and Real Estate Service, Inc., about listing or auctioning the property to maximize the sales price for the bankruptcy estate. Mr. Culps and Fowler Auction are known to the undersigned counsel (and greater business community) for their knowledge and ability to sell real property in and outside of bankruptcy cases.

21. Mr. Culps inspected the Debtor's homestead property and performed a market analysis to determine whether an auction or commercial listing could yield more value.

22. The undersigned counsel reports to this Court that Mr. Culps determined that the market for potential buyers of this property is limited, that the highest and best use of the property would be for farmland or recreational hunting, and that in his professional opinion, he would not expect a commercial listing or auction to exceed the Offer.

23. Accordingly, the Debtor believes that the Offer constitutes the best method to pay maximum value to the bankruptcy estate in the timeliest manner possible.

**Terms of Sale**

24. Said sale is to be conducted as a private sale to Billy and Kela Nix (the "Buyers") with the following terms and conditions of sale:

    a. Buyers will tender to the Debtor a check made payable to USDA for the total sum of Two Hundred Thousand Dollars ($200,000.00) in certified funds at closing. The Debtor, or the Debtor's closing agent, will send these funds directly to USDA at the address for payment listed on its filed proof of claim.

b. The Debtor will execute and provide the Buyers with a Debtor-in-Possession's Deed fully conveying the Bankruptcy Estate's interest in the 100 acres of property sold, free and clear of liens and encumbrances, pursuant to 11 U.S.C. § 363. The property is being sold "as is" with no other warranties or guarantees.

c. The Debtor will pay for the costs of preparing the deed. The Buyers will be responsible for any and all other closing costs.

d. **The Closing Agent, if any, will serve as the Debtor's designated agent for the purpose of closing this sale and distributing the proceeds in compliance with this Notice and any Order to be issued by the Court.**

25. The sale of the property is to be conducted at a closing to occur within thirty (30) days after entry of an order approving this sale, and is to be held at the offices of SPARKMAN, SHEPARD & MORRIS, P.C., Suite 1411, 303 Williams Avenue, Huntsville, Alabama 35801, or at any other date and location mutually agreed upon by the parties.

26. This motion will be heard at a date, time, and location to be set by the Court. **Any objection to the sale shall be filed with the U.S. Bankruptcy Court before the hearing date set by the Court, and served upon the undersigned. Any objection should state specifically in writing why the sale should not be consummated.**

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

A. Authorizing the sale, pursuant to 11 U.S.C. § 363, of 100 acres of the Debtor's homestead property, as outlined in this motion, free and clear of all liens and encumbrances; and

B. Granting such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 14th day of May, 2019.

/s/ *Tazewell T. Shepard IV*
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys for the Debtor*

SPARKMAN, SHEPARD & MORRIS, P.C.
P. O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
ty@ssmattorneys.com

## CERTIFICATE OF SERVICE

This is to certify that I have this the 14th day of May, 2019 served the foregoing document upon all addressees on the Clerk's Mailing Matrix, Jeremy A. Bray, Debtor, 8080 County Road 52, Spruce Pine, AL 35585, Billy and Kela Nix, Buyers, 7892 Highway 52, Spruce Pine, AL 35585, and Richard M. Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35062 by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U. S. Mail.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV